```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HERBERT O. RODGERS, | |
| Plaintiff, | Civ. No. 1:19-cv-13968-NLH |
| v. | **OPINION and ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, et al. | |
| Defendants. | |

**APPEARANCES**:

ADRIENNE FREYA JARVIS
800 NORTH KINGS HIGHWAY
SUITE 304
CHERRY HILL, NJ 08034

   *Attorney for Plaintiff*

JOANNE KELLEY KERNICKY
SHANNON G. PETTY
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
6401 SECURITY BLVD
BALTIMORE, MD 21235

   *Attorneys for the Defendant*

**HILLMAN, District Judge**

WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Adrienne Freya Jarvis, Esquire's (Counsel of Plaintiff, "Counsel") Motion for Attorney's Fees; and

WHEREAS, on February 24, 2020, Defendant filed a stipulated consent order for Payment of Equal Access to Justice Act ("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $5,400.00 in full satisfaction of Counsel's EAJA; and

WHEREAS, on February 25, 2020, the Consent Order was approved by this Court; and

WHEREAS, on April 14, 2023, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $13,034.25 (ECF 22) and a supporting brief (ECF 23); and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b)(1); and

WHEREAS, Counsel has certified that a total of 26.8 hours were expended on Plaintiff's civil action, which led to a positive result for Plaintiff, who contractually agreed to pay the contingency fee (ECF 23 at 8); and

WHEREAS, on remand Plaintiff was awarded $52,137.03 in past-due benefits (Id.); and

WHEREAS, Counsel has certified that she never received any part of the EAJA award, as it was seized under the U.S. Treasury Offset Program (Id. at 1); and

WHEREAS, the Commissioner has filed a letter response to Counsel's petition for attorney's fees, neither supporting nor opposing counsel's request for attorney's fees in the amount of $13,034.25 (ECF 24); and

WHEREAS, the Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding, see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

WHEREAS, the Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. The fee requested would result in an imputed effective hourly rate of $486.35 which reflects the nature of contingent fees and the risk of non-recovery; and

2. The $486.35 imputed hourly rate is not inconsistent with previously approved rates in contingency fee cases which carry a risk of non-recovery, see Gonzales v. Comm'r of Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving an imputed hourly rate of $992.80); Mignone v. Comm'r of Soc. Sec., No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); Leak v. Comm'r of Soc. Sec., No. 11-51, 2017 WL 5513191, at *1 (approving an imputed hourly rate of $745.24); see also Wilson v. Astrue, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (approving an hourly rate of $1,155.59 because the hourly rate deserved less weight where the case was difficult and counsel was highly skilled in social security representation); and

3. Counsel never received the $5,400 in EAJA fees which the Court previously awarded on February 25, 2020 as it was seized under the U.S. Treasury's Treasury Offset Program, which means that the fees requested here represent the entirety of Counsel's fees, and as such the overall fees retained by Counsel would be within the boundaries of reasonableness, see Perez v. Barnhart, No. 02-3779, 2006 WL 781899 (E.D. Pa. 2006); and

    4.   There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

    5.   Counsel was able to able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits, and that Plaintiff continued to be disabled for ongoing future benefit payments, provided Plaintiff remains disabled (ECF 23 at 8); and

    6.   Plaintiff agreed to the 25 percent contingency fee (Id. at 2); and

WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency expressly permitted by § 406(b) is reasonable under these circumstances;

Accordingly,

IT IS on this 17th day of May, 2023

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff any amount received in EAJA fees pursuant to this Court's previous award on February 25, 2020, if any; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED, and Counsel shall be awarded $13,034.25 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |